IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CASSANDRA BRYANT CRAWFORD, §
§
Plaintiff, §
§
V. § No. 3:25-cv-1211-X-BN
§
CITY OF DALLAS, §
§
Defendant. §

**MEMORANDUM OPINION AND ORDER TO
STAY AND ADMINISTRATIVELY CLOSE**

In April 2024, a state court in Dallas County, Texas entered an agreed permanent injunction and final judgment in a lawsuit brought by the City of Dallas against Cassandra Bryant Crawford (the plaintiff who filed this federal lawsuit *pro se*), Isiah T. Payne, and 3528 Colonial Avenue, Dallas, Texas (Crawford's address in the *pro se* complaint) (the "Property"), through which the state court identified Dallas City Code violations at the Property, permanently enjoined a commercial operation and the Property, and ordered that the identified violations at the Property be abated (and a fine be paid) and that that court shall have continuing jurisdiction over the enforcement of the injunction. *See City of Dall. v. Crawford*, No. DC-23-08770, 134th Jud. Dist. Ct., Dall. Cnty., Tex. (Apr. 12, 2024); *cf. Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record" (citations omitted)).

That proceeding has remained active since. For example, in March 2025, the

state court, after finding that Crawford and Payne violated the final judgment, granted the City's motion to appoint a receiver of the Property and authorized the receiver to make any reasonable repairs necessary to bring the Property into substantial compliance with city code. *See Crawford*, No. DC-23-08770, docket. And, just last week, the state court granted the receiver's motion to issue a receiver's certificate of $369,852.15 secured by the Property. *See id.*

Before the state court entered that order, Crawford filed this lawsuit under 42 U.S.C. § 1983 against the City in federal court challenging, among other (but related) things, that amount as unconstitutional. *See* Dkt. No. 3 at 1 ("The City of Dallas has disregarded due process, ignored Plaintiff's valid Certificate of Occupancy, and authorized a receiver to pursue a grossly inflated $369,852.15 budget, including $228,000 for undefined construction and only $2,500 for actual repairs.").

Because Crawford also moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 4, United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

But the Court need not rule on that motion. Because, as the record set out above demonstrates – and the docket in *Crawford*, No. DC-23-08770, further confirms – this lawsuit invites a federal court to interfere with ongoing state court litigation, and, so, the Court must abstain from exercising its jurisdiction over this case under *Younger v. Harris*, 401 U.S. 37 (1971), which, "following *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 10-11 (1987), [ ] also applies 'when certain civil proceedings are pending,

if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government,'" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008).

Section 1983 provides for a cause of action where it's alleged that a state actor violated the Constitution or federal law. But that statute "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972); citing *Younger*, 401 U.S. at 43-47).

And, under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings.

That is, *Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (cleaned up).

The doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the

state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up); *accord Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

And the United States Supreme Court has recognized that *Younger* abstention is appropriate where a federal plaintiff requests an injunction that would have the practical effect of enjoining state proceedings. *See Pennzoil Co.*, 481 U.S. at 13-14 ("Both *Juidice[ v. Vail*, 430 U.S. 327 (1977),] and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained."); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 671 (10th Cir. 2020) ("[B]oth *Juidice* and *Pennzoil* involved requests to directly or indirectly thwart state court compliance processes." (citing *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."); *Zeeco, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-384-JED-FHM, 2017 WL 6539504, at *2 (N.D. Okla. Dec. 21, 2017) ("What *Younger*, *Juidice*, and *Pennzoil* have in common is that they all involved plaintiffs filing separate federal suits in an attempt to enjoin ongoing state proceedings."))).

And the additional *Middlesex County* factors are present here: "In this case, the state proceedings are judicial in nature and represent important state interests,

as state courts must be empowered to enforce their own orders and judgments. Moreover, [Crawford] has had opportunities to raise [her] federal challenges in [the] state proceedings and there has been no procedural bar to [her] doing so." *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 949 (11th Cir. 2015) (per curiam); *see also Pennzoil Co.*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (emphasis in original; citing *Moore*, 442 U.S. at 425)).

And, so, this case is STAYED AND ADMINISTRATIVE CLOSED. But nothing in this order shall be considered a dismissal or disposition of this case, as "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted). Even so, the United States District Clerk is instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

SO ORDERED.

DATED: May 23, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE