IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASSANDRA BRYANT CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1211-X-BN |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

As the Court previously explained, *see* Dkt. No. 5, in April 2024, a state court
in Dallas County, Texas entered an agreed permanent injunction and final judgment
in a lawsuit brought by the City of Dallas against Cassandra Bryant Crawford (the
plaintiff who filed this federal lawsuit *pro se*), Isiah T. Payne, and 3528 Colonial
Avenue, Dallas, Texas (Crawford's address in the *pro se* complaint) (the "Property"),
through which the state court identified Dallas City Code violations at the Property,
permanently enjoined a commercial operation at the Property, and ordered that the
identified violations at the Property be abated (and a fine be paid) and that the state
court shall have continuing jurisdiction over the enforcement of the injunction. *See
City of Dall. v. Crawford*, No. DC-23-08770, 134th Jud. Dist. Ct., Dall. Cnty., Tex.
(Apr. 12, 2024); *cf. Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892
(5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court may
"take judicial notice of the state court's orders, final judgment, and docket as matters
of public record" (citations omitted)).

That proceeding has remained active since. For example, in March 2025, the state court, after finding that Crawford and Payne violated the final judgment, granted the City's motion to appoint a receiver of the Property and authorized the receiver to make any reasonable repairs necessary to bring the Property into substantial compliance with city code. *See Crawford*, No. DC-23-08770, docket. And, just last week, the state court granted the receiver's motion to issue a receiver's certificate of $369,852.15 secured by the Property. *See id.*

Before the state court entered that order, Crawford filed this lawsuit against the City in federal court challenging, among other (but related) things, that amount as unconstitutional. *See* Dkt. No. 3 at 1 ("The City of Dallas has disregarded due process, ignored Plaintiff's valid Certificate of Occupancy, and authorized a receiver to pursue a grossly inflated $369,852.15 budget, including $228,000 for undefined construction and only $2,500 for actual repairs.").

Because Crawford also moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 4, United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

As the Court previously explained, *see* Dkt. No. 5, this lawsuit invites a federal court to interfere with ongoing state court litigation, and, so, the Court must abstain from exercising its jurisdiction over this case under *Younger v. Harris*, 401 U.S. 37 (1971), which, "following *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 10-11 (1987), [ ] also applies 'when certain civil proceedings are pending, if the State's interests in the

- 2 -

proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government,'" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008).

42 U.S.C. § 1983 provides for a cause of action where it's alleged that a state actor violated the Constitution or federal law but "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972); citing *Younger*, 401 U.S. at 43-47).

And, under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings.

That is, *Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (cleaned up).

The doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the

state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up); *accord Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

And the United States Supreme Court has recognized that *Younger* abstention is appropriate where a federal plaintiff requests an injunction that would have the practical effect of enjoining state proceedings. *See Pennzoil Co.*, 481 U.S. at 13-14 ("Both *Juidice[ v. Vail*, 430 U.S. 327 (1977),] and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained."); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 671 (10th Cir. 2020) ("[B]oth *Juidice* and *Pennzoil* involved requests to directly or indirectly thwart state court compliance processes." (citing *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."); *Zeeco, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-384-JED-FHM, 2017 WL 6539504, at *2 (N.D. Okla. Dec. 21, 2017) ("What *Younger*, *Juidice*, and *Pennzoil* have in common is that they all involved plaintiffs filing separate federal suits in an attempt to enjoin ongoing state proceedings."))).

And the additional *Middlesex County* factors are present here: "In this case, the state proceedings are judicial in nature and represent important state interests,

as state courts must be empowered to enforce their own orders and judgments. Moreover, [Crawford] has had opportunities to raise [her] federal challenges in [the] state proceedings and there has been no procedural bar to [her] doing so." *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 949 (11th Cir. 2015) (per curiam); *see also Pennzoil Co.*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (emphasis in original; citing *Moore*, 442 U.S. at 425)).

And, so, the Court entered a non-dispositive order staying and administratively closing this case. *See* Dkt. No. 5.

Crawford now moves under Federal Rule of Civil Procedure 60(b) to reopen the case and for emergency injunctive relief to prevent the enforcement of allegedly unconstitutional actions by the state court, the City, and the receiver. *See* Dkt. No. 6.

But, even under the more lenient standards for reconsidering or altering a non-final order under Federal Rule of Civil Procedure 54(b), Crawford's recounting of continuing activity in the state court case provides no basis to reconsider any of the analysis and conclusions that led the Court to stay and administratively close this action. And, so, there is no basis to reopen the case or lift the stay or engage in the

interference with ongoing state court litigation that Crawford requests.

## Recommendation

The Court should deny Crawford's motion to reopen the case and for emergency injunctive relief [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 12, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE